IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-1160 |
| ANNE ARUNDEL COUNTY POLICE, | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM**

In April 2016, Chong Su Yi filed suit against the Anne Arundel County Police, invoking this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF 1. Plaintiff also filed a Motion to Proceed in Forma Pauperis. ECF 2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted.

The facts and arguments in this case, as presented by plaintiff, are set forth below.

3. Federal Question:

When six amendment states; "in all criminal prosecution," i.e. prosecution could not happen without victim; ipso facto lack of Miranda; i.c. Miranda v Arizona was not applied to victim; lawyer was not provided to indigent; thus report took 3 hrs. and 30min Exhibit A; is it violation of sixth amendment?;
Writing number on business card; the moment police hand it over, and plaintiff is legally allowed, free to walk away is it official police document, by virtue of its existence; if it is not, does it violate due process of the law; and when officer says Call police station for rest; does it violate due process of the law?
If so and this becomes adjudicated; in preamble of Constitution 'establish justice' and '... of liberty to ourselves and our posterity," does it mean Justice is for Plaintiff, does justice excludes Posterity; because Plaintiff does not have plaintiff's posterity or justice for Posterity must exist regardless?;
If so when report took 3.5hrs to develop; is it violation of illegal search and seizure in 4th amendment; because its beyond 'amount of time to do back ground check'?;
If, 4th amendment states "rights of people's effects shall not be violated without due process of the law"; then is 3.5hrs block of time; "effects" in meaning of rights of people in 4th amendment; because sovereignty of individual allows

liberty, and in liberty there is freedom of choice; Obegefell v Hodges (2015); thus when police took 3.5hrs; did it violate liberty of plaintiff worth 3.5hrs?;
If so in constitution a race could not be given preferential treatment; where report took 3.5hrs; could white police officer use his personal experience; even if its department certified, approved, white officer may use white experiences; but without being trained; in racial diversity program; e.g. sexual harassment training; isn't allowing white officer to use white experience violation of first amendment's state's right to categorize; state's best interest; thus white officer using white experience to write incident report unconstitutional?

4. Facts of the case are:
Theft took place in golden corral; case number [TDC 16 CV 1151 ]; now adapts 16-CV 1151; as if it is written in here;
First Officer Matt Johnson; did not provide police report; e.g. incident report; and left; second officer did not show up; as per Store Manager, Second officer stated restaurant as too crowded; third officer is en route; and by 9:30pm Evidence A was produced.

ECF 1 at 2-3.

* * *

6.  Argument of the cases are:
Sixth amendment says 'all' prosecution; then it must include victim and perpetrator; and Miranda must be read to victim as well as perpetrator;
This case lacked Miranda was not read to victim; therefore, the six amendment prosecution could not take place; police did not do proper job;
When court rules criminal prosecution could not take place; it must be for all posterity as of the moment court rules thusly.
Under Terry Stop; police officer may stop; public to do what need done; in traffic; as long as it takes to do back ground check; in foot as long as to pat down the person; and ascertain purpose; when officer gives permission; to leave the area; the incident has concluded.
There was no terry stop; but police decided to place seizure on plaintiff; lack of
perpetrator; and because Miranda was not read; what took place became interrogation; without lawyer; when plaintiff was indigent; and took 3.5hrs; to receive a set of number;
Set of number is not a report; it lacks all the data in any report; traffic stop; citation et al; all contain basic information; this is finalized form; it docs not have anything but set of numbers; it's a violation of first amendment; violates due process of the law; thus the evidence A; is unconstitutional; could not be admitted as official police document. Office said; call the police station; as handing over was completed; if it was not completed police officer should not have handed it over; and there was no place for plaintiff to sign and hand back the copy;
Incident report is unconstitutional;

2

> White officer asked; is money from casino; nearby; plaintiff told officer no; plaintiff also divulged plaintiff is homeless; and is in care of shelter; in silver spring but did not want to know the address.
> When homeless man commits murder; rape et al; he get Miranda and attorney; public defender; when homeless man becomes victim; in same crime; there is no Miranda; this violates due process of the law; since criminal prosecution must include both the victim and perpetrator;
> 7. Conclusion
> Anne Arundel Police did not file any report; because Incident report is unconstitutional; Anne Arundel Police placed seizure on plaintiff; for 3.5hrs; which is unconstitutional;
> Plaintiff adapts United States district court for Maryland; PJM 16 CY 0756 Exhibit A; as if its written in here;
> There are five stories; and they are:
> Story I.
> Coffee made from grounded coffee beans; or ground beans; is manufactured product thus requires label; each label is 25cents; covers entire country and abroad et al;
> Story 2.
> After private company certifies the factory et al; each product receives FDA compliance label; 25cents per copy;
> Story 3.
> Dry cleaned clothes; laundered clothes; EPA compliance label; 25cents per item;
> Story 4.
> Distinct FDA organic food compliance label; not to be confused; and pro rata; 10% organic to 100% organic;
> Story 5.
> Heart healthy food compliance; none confusing; distinct; 25 cents per label;
> In 3.5hrs; plaintiff could write 1 of these stories; and due to unlawful seizure by Anne Arundel police; whieh did not produce any report; Plaintiff did not get to write one.
> Its future income potential is 2billion dollars; and seeks 100 times in punitive damages.
> A Justice once wrote;
>> There are good companies; and there are criminal companies; And between are many useless companies but they too deserve protection of the law;
> Between innocent and persona nongrata; by officer of the law; there are homeless indigent people; we too are part of "We the people .." in preamble of Constitution; and we too deserve protection of the law;

*Id*. at 4-6.

For relief, plaintiff seeks damages in the amount of "2 trillion 2 billion dollars" and injunctive relief directing Anne Arundel County and the State of Maryland to "use proper police

report," cease issuing incident reports; provide *Miranda* warnings and lawyers to victims; and "an injunction ordering white race experience only; but attend and get certified in racial diversity classes to be used in court of law[.]" *Id*. at 6.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). I have previously noted:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93.
>
> However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted.[] Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty*., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that

some plausible federal cause of action has accrued on his behalf.[1]  A separate Order follows, dismissing this case.

September 1, 2016                                         _____/s/_____
Date                                                                  Ellen L. Hollander
                                                                          United States District Judge

---

[1] I note that service has never been effected on the defendant.  Moreover, on June 29, 2016, Chief Judge Blake issued an Order requiring judicial screening before the Clerk may accept any of plaintiff's complaints for filing.  *See In the Matter of Chong Su Yi*, Misc. No. 16-235.  The Order was issued as a result of 46 separate civil actions that plaintiff had filed, which are described in the Order as "vexation filings."  Because this suit was filed before that Order was issued, the suit was not subjected to any screening.